UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CELLCO    PARTNERSHIP    d/b/a VERIZON WIRELESS,<br><br>             Plaintiff,<br><br><br>      -v-<br><br>CBE CUSTOMER SOLUTIONS, INC.,<br><br>             Defendant. | 22-cv-8703 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

　　Plaintiff Cellco Partnership d/b/a Verizon Wireless ("Verizon") claims that defendant CBE Customer Solutions, Inc. ("CBE") breached a contract between them. Under that contract, known as the Master Services Agreement ("MSA"), CBE agreed to collect debt on behalf of Verizon. CBE also agreed to indemnify Verizon for certain losses that Verizon might incur from defending claims arising out of CBE's provision of services under the MSA. Verizon alleges that CBE breached this indemnity provision when CBE failed to compensate Verizon for defending a multi-million-dollar class action that, allegedly, arose from the negligence of a CBE employee.

　　When CBE answered Verizon's Complaint, CBE asserted two counterclaims. See Def.'s Counterclaims, ECF No. 7, ¶¶ 83-118. CBE's first counterclaim alleges that Verizon breached the implied covenant of good faith and fair dealing. Id. at ¶¶ 83-100. CBE's

1

second counterclaim alleges that Verizon was unjustly enriched when CBE assisted Verizon with the defense of the claim that arose out of the alleged negligence of CBE's employee. Id. at 101-118.

On December 16, 2022, Verizon moved for judgment on the pleadings on both of CBE's counterclaims. See ECF No. 18. For the reasons given below, the Court hereby grants Verizon's motion in part and denies it in part. More specifically, the Court hereby dismisses on the pleadings CBE's first counterclaim but not its second counterclaim.

I.   The Parties' Allegations

In or about April 2014, Verizon and CBE entered into the MSA. See Def.'s Answer, ECF No. 7, ¶ 7. Under the MSA, CBE was obliged to assist Verizon with debt collection and agreed to indemnify Verizon

> from and against any claims, demands, lawsuits, damages,
> liabilities, loss, costs or expenses (including, but not
> limited to, reasonable fees and disbursements of counsel
> and court costs), judgments, settlements and penalties
> of every kind ("Claims"), that may be made . . . (c) by
> anyone in connection with or based upon omissions of
> [CBE] and/or its subcontractors, if any, in provided
> Services as directed by Verizon; and (d) under any
> federal securities laws or under any other statute, at

common law or otherwise arising out of any omission of
[CBE] and its subcontractors, in [sic] any, in
connection with the performance of Services as directed
by Verizon or otherwise contemplated by this Agreement.
Def.'s Mem. of Law in Supp. of Mot. for Judgment on the
Pleadings, Ex. A (hereinafter, "MSA"), ¶ 22.1.

The MSA also provided that CBE "shall defend any Indemnified Party
[i.e., Verizon], at the Indemnified Party's request, against any
Claim." MSA, ¶ 22.3.

A purported Claim eventually arose. In July 2016, Robin Breda,
a Massachusetts resident, informed a CBE employee that she should
not receive pre-recorded calls on Verizon's behalf. Def.'s Answer,
ECF No. 7, ¶ 16. But that CBE employee failed to remove Ms. Breda's
number from the relevant Verizon call lists. Def.'s Counterclaims,
ECF No. 7, ¶¶ 34-35. Since Ms. Breda continued to receive unwanted
calls, she filed a class action complaint against Verizon in the
U.S. District Court for the District of Massachusetts, asserting
claims under the Telephone Consumer Protection Act. Id. at ¶ 11.

Verizon requested indemnification from CBE. Def.'s Answer,
ECF No. 7, at ¶ 21. CBE declined and began a defense of Ms. Breda's
claim with counsel of its choice, Golden Scaz Gagain, PLLC ("Golden
Scaz"). Def.'s Counterclaims, ECF No. 7, at ¶ 37. Verizon agreed
to the appointment of Golden Scaz so long as Verizon's chosen
counsel, Greenberg Traurig, LLP, would act as local counsel. Id.

Though the district court initially awarded summary judgment to Verizon, the First Circuit reversed, and Verizon eventually settled with the Breda class for $3,950,000. Id. at ¶¶ 40, 45-47, 71. CBE did not reimburse Verizon for this settlement award, for attorneys' fees, or for costs incurred defending the Breda litigation. Def.'s Answer, ECF No. 7, ¶¶ 24-25.

On September 9, 2022, Verizon filed the Complaint in state court, asserting that CBE breached the MSA by failing to indemnify Verizon. See ECF No. 1. CBE removed on October 14, 2022. Id. On November 18, 2022, CBE filed its answer, which asserts the two counterclaims. See ECF No. 7.

As noted, CBE's first counterclaim asserts that Verizon breached the implied covenant of good faith and fair dealing. Def.'s Counterclaims, ECF No. 7, ¶¶ 83-100. This implied covenant, CBE asserts, obligated Verizon to "collaborate in defense, share relevant information, avoid duplicative losses, or undertake any action in the course of defending a claim which might have the effect of unnecessarily and intentionally diminishing the other party's rights or increase such party's exposure to liability." Id. at ¶ 87. According to CBE, Verizon breached this obligation by, among other things, settling with a class that contained people who were not injured by CBE's actions. Id. at ¶¶ 91-100.

CBE's second counterclaim asserts that Verizon was unjustly enriched by CBE's provision of counsel in the Breda litigation.

4

Id. at 101-118. According to CBE, Verizon knew that Breda's claims were based in Verizon's own wrongful conduct and were therefore outside of the scope of the MSA's indemnity. Nonetheless, Verizon accepted the benefit of CBE's funds for Golden Scaz's counsel during the Breda case.

II.   Analysis

Under Fed. R. of Civ. P. 12(c), a party is entitled to judgment on the pleadings "only if it has established that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." Juster Assocs. v. Rutland, 901 F.2d 266, 269 (2d Cir. 1990). The factual allegations of the non-moving party are assumed to be true and all reasonable inferences are drawn in that party's favor. See Ad-Hoc Committee of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir. 1987) ("the same standards that are employed for dismissing a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) are applicable" in the context of a Rule 12(c) motion).

A.   Counterclaim 1: Breach of Implied Covenant of Good Faith and Fair Dealing

Verizon argues that CBE's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law. According to Verizon, CBE alleges only that Verizon breached that

covenant by bringing this suit to enforce the MSA's indemnity provision, and "enforcing a contract provision agreed to by both parties cannot constitute a breach of good faith." U.S. Bank Nat'l Ass'n as Tr. for Registered Holders of J.P. Morgan Chase Com. Mortg. Sec. Corp., Multifamily Mortg. Pass-Through Certificates, Series 2017-SB42 v. 160 Palisades Realty Partners LLC, No. 20-CV-8089 (KMK), 2022 WL 743928, at *5 (S.D.N.Y. Mar. 10, 2022); see also AM Cosms., Inc. v. Solomon, 67 F. Supp. 2d 312, 324 (S.D.N.Y. 1999) (same).

Many of CBE's allegations are, indeed, nothing more than an assertion that Verizon brought a (purportedly unfounded) lawsuit seeking enforcement of the MSA's indemnity provision. For example, CBE alleges that Verizon breached the implied covenant of good faith and fair dealing by "cho[osing] to settle [with] a class that had nothing to do with CBE and then insist[ing] that CBE pay for such settlement." Def.'s Counterclaims, ¶ 91; see also id. at ¶¶ 96, 99. Verizon's attempt to enforce the indemnity provision, even if in error, does not constitute a breach of the implied covenant of good faith and fair dealing.

Some of CBE's allegations do go beyond asserting that Verizon should not have sought enforcement of the MSA's indemnity provision. For example, CBE's counterclaim asserts that Verizon "prevented [CBE] from securing relevant information, and undertook a litigation strategy that unnecessarily increased the likelihood

of risk to CBE to the sole benefit of Verizon" during the <u>Breda</u> case. <u>Id.</u> at ¶ 90; <u>see also</u> <u>id.</u> at ¶¶ 91-95. But these allegations, even if taken as true, do not support a claim for breach of the implied covenant of good faith and fair dealing.

The indemnity provision of the MSA is consistent with two interpretations. First, the indemnity provision might be read to provide Verizon with total coverage when a Claim arises, such that Verizon's ability to recover indemnification is not limited to reasonable expenses. In that case, CBE's allegations that Verizon mismanaged the <u>Breda</u> litigation would not even support a defense to Verizon's claim (let alone a counterclaim for breach of the implied covenant of good faith and fair dealing), because any costs, whether incurred reasonably or not, would be covered by the indemnity. Alternatively, the MSA's indemnity provision might be read to limit Verizon's coverage to <u>reasonable</u> losses incurred. In that case, CBE's allegations could support at least a partial defense to liability. However, they would not support a counterclaim for breach of the implied covenant of good faith and fair dealing, for they do not suggest any way in which CBE has been "deprive[d] . . . of the right to receive benefits under [the] agreement." <u>P.T. & L. Contracting Corp. v. Trataros Const., Inc.</u>, 29 A.D.3d 763, 764 (N.Y. App. Div. 2006). If this interpretation of the MSA is correct, and if Verizon did indeed mismanage the <u>Breda</u> litigation, Verizon would not be able to recover all of its

costs under the indemnity, but there would be no way in which Verizon had deprived CBE of the benefit of the bargain.

Thus, CBE's allegations, even if taken as true, do not support a claim for breach of the implied covenant of good faith and fair dealing. Judgment must be entered to Verizon on this claim.

B.   Unjust Enrichment

Verizon argues that judgment must be entered against CBE's second counterclaim as well. Verizon argues that CBE's claim for unjust enrichment concerns services furnished to Verizon during the defense to the Breda litigation, and unjust enrichment is "unavailable when a valid and enforceable written contract governing the same subject matter exists." Granite Partners, L.P. v. Bear, Stearns & Co. Inc., 17 F. Supp. 2d 275, 311 (S.D.N.Y. 1998).

Verizon overreads the law. True, a party that has a remedy under a contract concerning a certain matter cannot generally pursue unjust enrichment regarding that matter. But the same does not hold for a party that lacks such a remedy. An analogy to overpayments is instructive on this point. A classic claim for unjust enrichment arises when one party pays more than it was required to under the contract. Spirit Locker, Inc. v. EVO Direct, LLC, 696 F. Supp. 2d 296, 305 (E.D.N.Y. 2010) ("[W]here one party to a contract accidentally pays another more than the contract requires, the overpayer has an unjust enrichment claim to recover

the excess."). That is true even when the counterparty has a remedy, under the contract, for underpayment. Since the overpayer itself does not have a contractual remedy, a claim for unjust enrichment can proceed.

So too here. Verizon has a contractual remedy if CBE does not fully honor the indemnity provision. But the reverse does not hold. If CBE paid <u>more</u> than it needed to under the indemnity provision -- as CBE claims it did -- CBE would have no remedy on the contract, either in the indemnity clause or elsewhere, through which it could recover the mistakenly remitted funds. Unjust enrichment is available to remedy such a situation.

Of course, it might be the case that CBE's provision of Mr. Golden as counsel to Verizon in the <u>Breda</u> litigation was required under the MSA's indemnity provision, in which case CBE's counterclaim would fail. But CBE has pled sufficient facts to make this counterclaim plausible. Accordingly, judgment CBE's second counterclaim cannot be dismissed on the pleadings.

III. <u>Conclusion</u>

For the foregoing reasons, Verizon's motion for judgment on the pleadings is hereby granted in part and denied in part, and CBE's first counterclaim is dismissed but its second counterclaim is not.

The Clerk is respectfully directed to close entry number 18 on the docket.

SO ORDERED.

Dated:    New York, NY

February 6, 2023

JED S. RAKOFF, U.S.D.J.